[Civ. No. 8304. Second Appellate District, Division One.—January 3, 1935.]

JOHN W. TURNER et al., Respondents, v. JAMES DONO-VAN, Appellant.

James Donovan, *in pro. per.,* for Appellant.

Bettin, Painter & Wait and Ray H. Kinnison for Respondents.

HAHN, J., *pro tem.*—Defendant appeals from a money judgment rendered against him in an action brought to recover· a portion of the money paid him by one Emma G. Latshaw for legal services rendered on her behalf. The complaint is cast in three counts. Count one is in form of money had and received. Count two alleges that in the state of Texas, which was then the domicile of plaintiffs and Emma G. Latshaw, the said Emma G. Latshaw employed plaintiffs as attorneys to represent her in any legal proceeding that might be deemed necessary in connection with a proposed contest to the will of her deceased sister Mary R. Merriam Reagan, which was then in process of probate in the Superior Court of the County of Los Angeles, California. That pursuant to such employment, and at the request of the said Emma G. Latshaw, plaintiffs employed defendant to assist plaintiffs in representing the interests of the said Emma G. Latshaw in connection with the estate of her sister, and particularly to attend to such matters as were deemed necessary in California. The count further alleges that it was agreed between plaintiffs and defendant that all moneys received in connection with said services were to be divided equally between plaintiffs and defendant. Count three repeats the allegations of plaintiff's employment by the said Emma G. Latshaw, and alleges that thereafter, with her consent, they forwarded to defendant, who was and is an attorney at law at Los Angeles, California, the matter of representing the said Emma G. Latshaw in her proposed contest to the will of her deceased sister, with instructions to take such steps as he deemed wise in filing such contest on behalf of the said Emma G. Latshaw, or in arranging a compromise of her claim. That a compromise was effected and defendant received as compensation for the legal services rendered in connection with said matter the sum of $7,250. That at the time plaintiffs forwarded to·defendant the legal business of the said Emma G. Latshaw, it was the established

and universally recognized usage and custom in the state of Texas, as also in the State of California, among attorneys, that the attorney forwarding any legal business to another attorney would be entitled to one-third of the fee or compensation received by the attorney to whom the business was forwarded. That plaintiffs and defendant were well aware of such usage and custom, and that said business was forwarded by plaintiffs and received and accepted by defendant with such knowledge, and that it was mutually agreed that the compensation received would be divided in accordance with said custom and usage.

The trial court found as true all the allegations of the complaint, except that defendant received for the use and benefit of plaintiffs only the sum of $2,416.67, and rendered judgment accordingly. While the findings would have been more helpful to us in our review of this case if they had found more specifically upon the issues raised, we conclude that they may be fairly interpreted as intended by the court to support plaintiffs' claim as alleged in the third count in the complaint.

Appellant in his opening brief foundations his appeal on the ground of insufficiency of the evidence "to justify the decision of the court", and errors of the court in its rulings on objections made to evidence offered during the trial.

On the question of sufficiency of the evidence "to justify the decision", while there is some conflict in the evidence, we are satisfied from our examination of the record, that there is sufficient evidence to support all of the material allegations contained in count three of the complaint and the judgment rendered thereon.

As to the claimed errors in ruling on the admission of evidence, several of them relate to testimony bearing on the custom and usage in the matter of division of fees where one lawyer forwards business to the lawyer who renders the legal service directly to the client.     Usage is a uniform practice or course of conduct that is followed in certain lines of business or professions, or in some procedure or phase of such business or profession. When established and particularly when such usage is known to the parties to a transaction wherein the usage is involved, it becomes a rule of law which the courts will recognize in determining the rights of parties whose relations come within the usage, where there

is no statute which determines the question. (17 Corpus Juris, 489; 25 Cal. Jur. 417; *Gonyer* v. *Williams,* 168 Cal. 452 [143 Pac. 736]; *Luckehe* v. *First National Bank of Marysville,* 193 Cal. 184 [223 Pac. 547].)

The complaint contains the necessary allegations to raise the issue of usage among attorneys in the matter of forwarding legal business by one to the other. The evidence tendered by plaintiffs on this issue was both competent and material. While there is conflict in the evidence as to the arrangement which plaintiffs alleged they had with Emma G. Latshaw in Texas in the matter of retaining them to render legal advice and services in the matter of her proposed contest to the will of her deceased sister, and the arrangement for the employment of defendant in California to handle her matters there, there is sufficient evidence in the record to support the findings as to all of the material allegations of count three in the complaint.

Among other rulings of the court which appellant urges were erroneous, are several wherein the court overruled defendant's objections to testimony of the plaintiffs as to conversations had in Texas with Emma G. Latshaw and her husband, and other circumstances relating to their services rendered to her in connection with the estate of her sister. These objections were based upon the ground that the conversations were hearsay. There is no merit in this contention. Respondents alleged that they were employed by Emma G. Latshaw to render legal services for her in connection with her sister's estate in California, which formed the basis for sending the business to appellant, and the implied contract between them for a division of the fees. These conversations constituted a part of the *"res gestae"* and objections thereto were properly overruled.

As to the other rulings complained of, we find in them no error.

Judgment is affirmed.

Conrey, P. J., and York, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 28, 1935.